IN THE MATTER OF ANTHONY F. KEAST, ATTORNEY AT LAW.

No. 12151.
Decided May 15, 1972.
497 P.2d 103.

ORDER

PER CURIAM:

In a formal complaint the Commission on Practice of the Supreme Court of the State of Montana charged respondent with professional misconduct in three specific instances set forth in three counts in that complaint.

Pursuant to the rules of, this Court, pleadings were filed, testimony taken, motions made, and a full formal hearing held. Following the hearing the Commission on Practice made its findings and recommendations. All records in the matter have been submitted to this Court for review and decision.

One of the three counts considered by the Commission was dismissed for lack of clear and convincing proof.

The findings of fact of the Commission reveal that:

"On November 19, 1970, an information was filed in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula, entitled 'The State of Montana, plaintiff, vs. Donald P. Walker, defendant', Cause No. 3733 in said court, charging him in three separate counts with procuring two girls, ages 15 and 16, for immoral purposes. Count II charged that the 15 year old girl (Linda Davis) was procured for one Ed Stanley, an adult male, for the immoral purpose of indiscriminate sexual intercourse; Counts I and III

312

charged that the defendant procured the 15 and 16 year old girls (Linda Davis and Candy Davis) for the same purposes for the respondent. Walker had been a client of respondent for some time prior to the filing of the information and with respect to the matters contained in the information, respondent had been in communication with the County Attorney and knew that he might be involved, but did not know that he would be named in the charges or endorsed as a witness for the State until the information was filed.

"On June 30, 1971, an information was filed in the same district court in Cause No. 3821 entitled 'The State of Montana, plaintiff, vs. Ed Stanley, also known as Ed Standley, defendant', in which the defendant was charged with the commission of rape of one Linda Davis, age 15 years, who is the same person as the 15 year old girl mentioned in the information against Walker. Respondent's name was endorsed on the information as a possible witness for the State. While respondent had been engaged to represent Stanley prior to the filing of the information, he did not know him, nor did he have any information of his possible involvement as a potential witness until the information was filed.

"The Ed Stanley named in the Walker information is the one and some person as the defendant in said Cause No. 3821.

"On the date set for Walker's arraignment, November 23, 1970, the County Attorney filed a motion to remove respondent as defense counsel because of a conflict of interest. This motion was taken under advisement. A praecipe was filed on the same day entering the names of Attorneys Goldman, McChesney & Datsopoulos as co-counsel for the defendant Walker. These counsel withdrew on the same day. The respondent, as attorney for Walker, requested a continuance of the arraignment, and the arraignment and the motion to remove were postponed to November 30, 1970. On November 27, 1970, Attorney Urban L. Roth filed a praecipe asking that his name be entered as one of the attorneys of record for the defendant

Walker. The names of the law firm of Knight, Dahood & McKay as co-counsel for the defendant appears under the date of November 30 when motions were filed by the defendant. On December 4, 1970, the motion to remove respondent was argued by Attorneys Roth and McKay and the motion was denied by the court. Walker's arraignment took place on December 28, 1970, with Attorney McKay appearing for the accused who pleaded not guilty to all counts contained in the information and the defendant was remanded to the custody of the Sheriff, with his bond fixed at $10,000.00.

"* * *

"During the pendency of the Walker case and prior to its trial, the respondent on February 23, 1971, filed, on behalf of the plaintiff, Sharon M. Walker (the wife of the defendant in the criminal case) an action for divorce in the District Court of the Third Judicial District of the State of Montana, in and for the County of Deer Lodge, from her husband, Donald P. Walker. Respondent obtained from the defendant an acknowledgment of service and consent to the entry of a decree which was filed with the court. At the time this action was filed Mrs. Walker was living at either Laurel or Billings, and prior to decree moved to Sioux City, Iowa. She did not appear before the court when the divorce was granted on March 18, 1971, and her testimony in support of her complaint was in the form of a sworn question and answer deposition which was taken by respondent without commission from the court. Mrs. Walker paid the respondent for this representation of her.

"At the time of filing the divorce action the respondent knew that there was a romantic relationship between the accused, Walker, and Linda Davis, one of the girls named in the Walker criminal case. Three days subsequent to the divorce decree, namely, March 21, 1971, Linda Davis, also known as Linda Hubsmith, married the defendant Walker. The respondent denied that he knew that this marriage was going to take place, but admits receiving a telephone call from

Walker from Elko, Nevada, on the day of the marriage advising him that the marriage had taken place, and respondent sent Walker $50.00 pursuant to said call, which money Walker wanted for travel.

"During the pendency of the Walker case the respondent from time to time advanced other monies to Walker totaling in all an estimated $500.00, the major portion of which was repaid to respondent. At no time prior to the trial of the Walker case was Walker billed by respondent for his representation of Walker in that case.

"At various times during the pendency of the Walker criminal case the respondent appeared in court either alone or with co-counsel on motions or matters before the court and participated in such matters. On March 15, 1971, the County Attorney filed a petition in the criminal case setting forth that Linda Davis (the same person as Linda Hubsmith and then Linda Walker) was a material witness and requested an order requiring her to either enter into a written undertaking to appear at the trial or be held in custody so that her deposition might be taken. The court ordered Linda to be taken into custody for deposition purposes, and she was apprehended. Immediately thereafter the accused, through his attorneys, filed a motion to quash the order which was supported by affidavit of Linda Walker and the defendant Donald P. Walker claiming the privilege that a wife cannot be forced to testify against her husband. The respondent appeared and supported the motion as attorney for Linda, at the request of her attorney, Mr. Jack Whelan, who was engaged on Roth's recommendation. This motion was granted and the order previously made for her deposition was set aside.

"On May 10, 1971, the respondent moved the court to remove his name from Counts I and III of the information. This motion was denied.

"On September 27, 1971, the County Attorney filed consolidated motions, one of which requested an order to take the

depositions of respondent and Ed Stanley. This motion was heard on September 27, 1971, at which time the respondent moved the court for a protective order as to the State's motion for leave to take his deposition. This motion was granted, and the State's motion to take the deposition of respondent was denied.

"* * *

"At various times during the pendency of the Walker case the defendant's attorney (other than respondent) engaged in 'plea bargaining' negotiations with the County Attorney without results.

"That the court file in the Walker criminal case contains numerous newspaper stories concerning the various developments as the case progressed and reflects in extensive press coverage the charges against the accused, the respondent's connection therewith, including his being named in the charges, as an endorsed witness, his numerous court appearances on behalf of the accused and on his own behalf, as attorney for the accused's wife in the divorce action, and on behalf of Linda Hubsmith both prior to and after her marriage to the accused.

"The trial of the Walker criminal case commenced on October 27, 1971, and was concluded on November 1, 1971, when the jury returned a verdict of not guilty on each and all of the three counts involved. From the time that Attorney Dave Holland entered the case until the conclusion of the trial, he was in charge of the litigation on behalf of the defendant and tried the case by himself insofar as the examination of witness and argument to the jury. The respondent was present throughout the trial and did participate in some argument on matters before the court in the absence of the jury, and at one point during the trial made an objection to evidence.

"After the conclusion of the criminal case the respondent advised the defendant Walker that his charge for legal services was in the amount of $5,000.00, representing the $5,000.00

which he had paid to Attorney Holland for his services. No part of this amount has been paid to respondent.

"As to the criminal case against Stanley, that action remained pending from the date when the information was filed on June 30, 1971, until November 18, 1971, at which time it was dismissed by the District Court upon motion by the State that it was unable to secure the whereabouts or cooperation of the complaining witness and in the interest of justice. During the entire time this case remained pending, the respondent was the only attorney of record for the defendant. The respondent was paid for his services in representing this defendant."

Further, that Linda Hubsmith Davis Walker is one of the children that Donald P. Walker was charged with procuring; the person Ed Stanley was alleged to have raped; the person represented by respondent Keast in quashing her testimony; the person who married Donald P. Walker after respondent obtained a divorce for Walker's wife Sharon; and one and the same person alleged to have been procured by Walker for respondent Keast.

Count III of the complaint against respondent Keast alleges that on April 28, 1970, there was filed in this Court, In the Matter of Anthony F. Keast, an action by the Commission on Practice, accusing respondent Keast of professional misconduct and requesting the Court to disbar or otherwise discipline respondent; and at that time respondent was disciplined. The Commission now requests that the Court take judicial notice of the pleadings, files, orders and papers of that action.

This Court has carefully reviewed the charges made against respondent; the two volume transcript of the formal hearing; the findings of fact and conclusions of law entered by the Commission; the recommendations of the Commission; and the exceptions noted by the respondent. Likewise, we have considered respondent's record as to professional conduct. We note here that on a previous occasion, after a full hearing by the Commission, respondent received a private reprimand for profes-

sional misconduct unrelated to the present evidence. We find substantial credible evidence warranting discipline of respondent.

In view of the record now before the Court, and the further fact that respondent was reprimanded privately just over a year ago, it would be difficult to justify any discipline less than that recommended by the Commission.

The Commission on Practice entered recommendation that the respondent be suspended from the practice of law for an indefinite period of time, but on the record before this Court, we go further.

In our opinion, the professional misconduct of respondent requires disbarment; and we therefore order and adjudge that Anthony F. Keast be disbarred; that his name be stricken from the roll of attorneys and counselors of this Court; and, that he be prohibited from practicing as an attorney and counselor in all the courts of this state.

The Clerk of this Court shall give notice of this order to Anthony F. Keast, his counsel, the Clerks of all the district courts in Montana, the Chairman and Secretary of the Commission on Practice, the Clerk of the Federal District Court for the District of Montana, and the Clerk of the 9th Circuit Court of Appeals.

Further, to protect the interests of clients of respondent and for the protection of the interests of respondent, and in the interests of justice, this Court refers the further supervision and processing of any and all legal matters being handled by Anthony F. Keast to the Honorable E. Gardner Brownlee, district judge of the fourth judicial district.

It is so ordered.