IN THE MATTER OF ANTHONY F. KEAST.

No. 12151.
June 29, 1978.
581 P.2d 423

## ORDER

On May 15, 1973, the above named Anthony F. Keast was disbarred from the practice of law. See, *In the Matter of Anthony F. Keast*, 159 Mont. 311, 497 P.2d 103.

On April 10, 1974, respondent Keast filed a petition for an order of reinstatement. The petition was referred to the Commission on Practice of this Court for its consideration and recommendation.

The Commission held hearings in the matter and on November 7, 1974, filed its report with the Clerk of this Court, wherein it recommended that reinstatement should be granted with qualification.

This Court in an order dated March 19, 1975, refused to grant the petition of reinstatement because we were not convinced that Anthony F. Keast possessed the moral conceptions required for the practice of law.

On March 14, 1977, Anthony F. Keast filed a second petition for reinstatement. The petition was referred to the Commission on Practice of this Court for its consideration and recommendation.

The Commission held hearings in the matter and on August 15, 1977, filed its report with the Clerk of this Court, wherein it recommended that reinstatement should be granted without qualification or restriction.

The crucial question is whether or not during the period of time of disbarment, the petitioner has so conducted himself so that he has clearly demonstrated that he is fit and suitable to be a lawyer.

There is an immense amount of documentary evidence from literally hundreds of individual people from all walks of life in the community who have been personally associated with Anthony F. Keast throughout his period of disbarment; who have personally observed the man, his conduct, his behavior, and his way of life; and who have expressed an enthusiastic harmony in their respect and admiration for the man and their desire to retain his legal services if he should be reinstated.

From all of the foregoing, the Court giving effect to the many petitions and letters from fellow practicioners throughout the State, and friends, we deem this sufficient evidence to warrant the reinstatement of Anthony K. Keast, and we therefore approve the recommendation of our Commission on Practice, and we order that upon his taking the usual oath that he be restored to the privileges of an attorney and counselor of this Court.

The Clerk of this Court shall give notice of this order to Anthony F. Keast, his counsel, the Clerk of the District Court of Missoula County, the Chairman and Secretary of the Commission on Practice, the Clerk of the Federal District Court for the District of Montana, and the Clerk of the Ninth Circuit Court.

MR. JUSTICE DALY, and A. B. MARTIN and LEONARD H. LANGEN, District Judges, concur.

HASWELL, Chief Justice, dissenting:

In my view, petitioner should not be reinstated without demonstrating his professional competence in the practice of law.

Petitioner has not practiced law for over five years. Vast changes have occurred in the laws of Montana since his disbarment on May 15, 1972. Montana has a new and different Constitution, the legislature has enacted a myriad of new laws, the Montana Administrative Code has been established and has grown to a size rivalling Montana's entire body of statutory law, a new Code of Evidence has supplanted the old, and a new Criminal Code has come into being. Rights and remedies unknown on May 15, 1972 are now an established part of Montana law.

The stated purpose of disciplinary proceedings is not punishment of lawyers, but protection of the public against unethical or incompetent practioners. I fail to see how the public is protected by reinstating without examination an attorney who has not practiced for over five years.

I would require that petitioner successfully pass a bar examination as a condition of his reinstatement.

MR. JUSTICE HARRISON concurs in the foregoing dissent.